IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § **v.** § § § **KYMEYON DEESEAN WALLACE (2)** § § | **CASE NUMBER 6:21-CR-00082-JDK** |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On February 26, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kymeyon Wallace. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt.

Defendant originally pled guilty to the offense of Drug User in Possession of a Firearm, a Class C Felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 19 and a criminal history category of III, was 37 to 46 months. The offense carried a maximum imprisonment term of 10 years. On August 16, 2022, District Judge Jeremy Kernodle sentenced Defendant to 24 months imprisonment followed by a three-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment and testing, and acquirement of high school equivalency certificate. On June 2, 2023, Defendant completed his term of imprisonment and began service of his term of supervision.

1

Under the terms of supervised release, Defendant was required to participate in a program of testing and treatment for substance abuse. In Allegation 3 of its petition, the government alleges that Defendant violated the conditions of his supervised release when he failed to attend his substance abuse treatment session on January 12, 2025. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release as alleged, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 3 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 9 months imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 9 months imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 26th day of February, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE